UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America and
State of Michigan,

                        Plaintiffs,

Case No. 15-cv-12311
Hon. Judith E. Levy
Mag. Judge David R. Grand

v.

Hillsdale Community Health
Center, W.A. Foote Memorial
Hospital, d/b/a Allegiance Health,
Community Health Center of
Branch County, and ProMedica
Health System, Inc.,

                        Defendants.

_____/

**ORDER DISMISSING HILLSDALE COMMUNITY HEALTH CENTER, COMMUNITY HEALTH CENTER OF BRANCH COUNTY, AND PROMEDICA HEALTH SYSTEM, INC. AS <u>PARTIES TO THE LITIGATION</u>**

On June 25, 2015, plaintiff United States of America filed its complaint, (Dkt. 1), simultaneously with a competitive impact statement, (Dkt. 3), and a proposed final judgment to settle this case as to defendants Hillsdale Community Health Center, Community Health Center of Branch County, and ProMedica Health System, Inc. ("settling

defendants"). (Dkt. 2.) Plaintiff United States of America filed a motion for entry of the proposed final judgment on September 24, 2015. (Dkt. 29.)

Defendant Allegiance Health does not oppose entry of the final judgment, but requests that the Court continue to treat settling defendants as parties to the litigation for the purposes of discovery. Defendant Allegiance Health argues generally that the Court has the authority to grant such relief, and doing so would be fair, equitable, and just under the circumstances. (*See* Dkt. 31.) Defendant Allegiance Health requests that in the alternative, defendant Hillsdale Community Health Center be required to respond to its Rule 34 request for documents, (see also *id.* at 7 n.3), which was served after plaintiff United States of America and settling defendants entered the stipulation as to the proposed settlement. (*See* Dkt. 2.)

Defendant Allegiance Health's requests are denied, and settling defendants are no longer parties to the litigation. To do otherwise would deprive settling defendants of the benefit of their bargain. *See, e.g.*, *United States v. Apple, Inc.*, 889 F. Supp. 2d 623, 643 (S.D.N.Y. 2012) ("Settling Defendants have elected to settle this dispute and save

themselves the expense of engaging in discovery. They are entitled to the benefits of that choice and the certainty of a final judgment. Moreover, the orderly, efficient management of discovery requires that the Settling Defendants have a defined role in the ongoing litigation."). And in any case, the Court's review is limited to deciding whether the proposed final judgment is in the "public interest;" the Court is without authority to modify it. *See United States v. SBC Commc'ns, Inc.*, 489 F. Supp. 2d 1, 3 (D.D.C. 2007) ("This Court's role is much more limited. The only question facing this Court, under the procedures crafted by Congress, is whether the [settlement] agreed upon by the . . . parties and the Department of Justice are 'in the public interest.'"); *see also United States v. InBev N.V./S.A.*, 2009 U.S. Dist. LEXIS 84787, at *3 (D.D.C. Aug. 11, 2009) ("Under the Tunney Act, [district court] review of the consented-to judgment is limited. . . . It is not for [the] court to order the parties to adopt extra measures that [it] think[s are prudent]."); *United States v. Bristol-Myers Co.*, 82 F.R.D. 655, 662 (D.D.C. 1979) ("Bristol's procedural and substantive objections to this settlement are directed toward [its] interests as a litigant . . . . The Court is wholly unpersuaded by the suggestion that it enter an order

3

less final than one under Rule 54(b), or dismissing [settling defendant] conditionally. Bristol is perfectly well aware, as is this Court, that [settling defendant] and the government have bargained only for [settling defendant's] dismissal from this litigation. For the Court to approve anything less than a final judgment under Rule 54(b) would be tantamount to disapproval of the settlement.").

Defendant Allegiance Health still has other discovery mechanisms under the Federal Rules of Civil Procedure at its disposal; the documents available through discovery under Rule 34 are the same documents available through discovery by subpoena under Rule 45. And when and if defendant Allegiance Health serves a Rule 45 subpoena for documents on a settling-defendant nonparty, any failure to comply would subject that nonparty to appropriate sanction.

IT IS SO ORDERED.

Dated: October 21, 2015  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
 United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's

4

ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 21, 2015.

s/Felicia M. Moses
FELICIA M. MOSES
Case Manager
