UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America and
State of Michigan,

       Case No. 15-cv-12311

    Plaintiffs,

       Judith E. Levy
v.         United States District Judge

W.A. Foote Memorial Hospital, Mag. Judge David R. Grand
d/b/a Allegiance Health,

    Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO FILE UNDER SEAL [63] WITHOUT PREJUDICE AND ORDERING THE PARTIES TO SHOW CAUSE BY JANUARY 27, 2017 WHY PREVIOUSLY SEALED DOCUMENTS [47] SHOULD NOT BE UNSEALED**

Defendant W.A. Foote Memorial Hospital d/b/a Henry Ford Allegiance Health filed a motion for permission to file under seal its motion for summary judgment and exhibits containing confidential information subject to a previously entered protective order among the parties. (Dkt. 63.) According to defendant, the "filing of these documents under seal is necessary in this instance, and cannot be avoided by other means." (*Id*. at 2.) Specifically, defendant notes that

its summary judgment motion "relies significantly upon documents and/or testimony referencing information designated as 'Confidential Information' or 'Highly Confidential Information' within the meaning of Fed. R. Civ. P. 26(c)(1)(G) by either Allegiance, [plaintiffs], or a third party, pursuant to the Protective Order." (*Id.*) This "information was provided in confidence and has been protected generally from public disclosure during this matter." (*Id.*) For the reasons set forth below, defendant's motion is denied without prejudice.

"[T]here is a stark difference between so-called 'protective orders' entered pursuant to the discovery provisions of Federal Rule of Civil Procedure 26, on the one hand, and orders to seal court records, on the other." *Shane Grp., Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 305 (6th Cir. 2016). As noted by the Sixth Circuit, "[d]iscovery concerns the parties' exchange of information that might or might not be relevant to their case." *Id*. But although "[s]ecrecy is fine at the discovery stage, before the material enters the judicial record," at "the adjudication stage, [] very different considerations apply." *Id*. (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002); *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)).

2

"Unlike information merely exchanged between the parties, '[t]he public has a strong interest in obtaining the information contained in the court record.'" *Id.* (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)). In "'antitrust' cases," such as this one, "the public's interest is focused not only on the result, but also the conduct giving rise to the case." *Id.* (citing *Brown & Williamson Tobacco Corp.*, 710 F.2d at 1179). "[S]ecrecy insulates the participants, masking impropriety, obscuring incompetence, and concealing corruption." *Id.* (quoting *Brown & Williamson Tobacco Corp.*, 710 F.2d at 1179).

There is thus "a 'strong presumption in favor of openness' as to the court records." *Id.* (quoting *Brown & Williamson*, 710 F.2d at 1179). The burden of "overcoming that presumption is borne by the party that seeks to seal them," *id.*, here, defendant Allegiance Health. And if this Court were to grant defendant's motion, it would have to "set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Id.* at 306 (quoting *Brown & Williamson*, 710 F.2d at 1176).

Here, defendant fails to provide reasons why the documents should be filed under sealed, beyond noting that the parties have agreed

3

by protective order not to disclose to the public certain information exchanged during discovery. Defendant thus fails to comply with E.D. Mich. LR 5.3, which requires the moving party to "state the *reason* that sealing each item is necessary" and "the *reason* that a means other than sealing is not available or unsatisfactory to preserve the interest advanced by the movant in support of the seal," among other things. E.D. Mich. LR 5.3(b)(iii)-(iv) (emphasis added). That the parties agreed not to disclose certain documents to the public during discovery is not itself sufficient reason to seal documents relevant to pleadings filed with the Court. *See Shane Grp., Inc.*, 825 F.3d at 305-06. Without more, defendant's motion must be denied.

Relatedly, the Court previously entered an order granting plaintiffs' motion to file documents containing confidential information under seal (Dkt. 47) that were obtained pursuant to Civil Investigative Demands made under 15 U.S.C. § 1312. The parties are ordered to show cause why the documents should not be unsealed, given that 15 U.S.C. § 1313(c)-(d) is a directive to the custodians of the documents obtained pursuant to 15 U.S.C. § 1312, not a directive to this Court.

4

The parties must provide the specific authority—by statute, rule, or case law—requiring that the documents be sealed.

Accordingly, defendant's motion to seal (Dkt. 63) is DENIED WITHOUT PREJUDICE.

The parties shall respond to the Court's order to show cause by January 27, 2017, or the documents sealed pursuant to the Court's previous order (Dkt. 47) will be unsealed.

IT IS SO ORDERED.

Dated: January 4, 2017  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
 United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 4, 2017.

 s/Felicia M. Moses
 FELICIA M. MOSES
 Case Manager