UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America and
State of Michigan,

                Plaintiffs,

v.

W.A. Foote Memorial Hospital
d/b/a Allegiance Health,

                Defendant.

Case No. 15-cv-12311

Judith E. Levy
United States District Judge

Mag. Judge David R. Grand

_____/

**ORDER REQUIRING PARTIES TO SUBMIT SUPPLEMENTAL BRIEFING**

Plaintiffs in this case allege that defendant entered into an agreement with former defendant Hillsdale Community Health Center ("HCHC") to limit marketing in Hillsdale County. (Dkt. 1.)

HCHC settled with plaintiffs. The order approving the settlement required that HCHC "not attempt to enter into, enter into, maintain, or enforce any Agreement with any other Provider that: (1) prohibits or limits Marketing; or (2) allocates any geographic market or territory

between or among the Settling Defendant and any other Provider." (Dkt. 36 at 6–7.)

The Court also denied Allegiance's request that HCHC and the other settling defendants continue to be parties to the litigation for purposes of discovery. (Dkt. 37.)

Plaintiffs' complaint alleges that the agreement between Allegiance and HCHC is ongoing. And plaintiffs request a declaration that any such agreement violates section 1 of the Sherman Act and section 2 of the Michigan Antitrust Reform Act. (Dkt. 1 at 12–13.) Plaintiffs also request an injunction and that defendants institute an antitrust compliance program. (*Id*. at 13–14.)

Other than the declaratory judgment, plaintiffs request only prospective relief. Because the settlement required HCHC to end any agreement to limit marketing, including with Allegiance, it appears that there may be no ongoing violation at issue in this case. And a party requesting injunctive relief "must also show that there is an ongoing harm or real and immediate threat of repeated injury." *Zynda v. Arwood*, 175 F. Supp. 3d 791, 806 (E.D. Mich. 2016) (citing *Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)). Further, a party requesting declaratory relief

must demonstrate that "there exists a controversy between the parties that is not moot and is ripe." *Warrior Sports, Inc. v. STX, L.L.C.*, 596 F. Supp. 2d 1070, 1074 (E.D. Mich. 2009) (citing *MedImmune v. Genentech, Inc.*, 549 U.S. 118, 128 n.8 (2007)).

Accordingly, the Court ORDERS that the parties submit supplemental briefing on the following question so the Court may determine whether it still has jurisdiction over this matter:

1. Is there a live case or controversy before the Court? Please address, among other issues, whether the conduct at issue is ongoing.

Briefing must be submitted to the Court by Monday, August 7, 2017.

IT IS SO ORDERED.

Dated: July 20, 2017  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
United States District Judge

## CERTIFICATE OF SERVICE

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 20, 2017.

                                              s/Shawna Burns
                                              SHAWNA BURNS
                                              Case Manager